STATE OF MAINE                           SUPERIOR COURT
HANCOCK, SS.                             Docket No. RE-03-32
                                         *MM - HAN c/3d/e or*


R.F. JORDAN & SONS,           )
                Plaintiff     )
                              )
                              )
                              )
        v.                    )          **DECISION**
                              )
                              )
P.M. MacKAY & SONS, INC.,     )
and UNITED STATES FIDELITY    )
AND GUARANTEE COMPANY         )
and INHABITANTS OF THE        )
TOWN OF MOUNT DESERT,         )
                Defendants.   )


        The Plaintiff (herein, "Jordan") brings this multiple count Complaint[1] seeking recovery for services rendered as part of a contract for the construction of an elementary school building in the Town of Mount Desert. Defendant P.M. MacKay & Sons, Inc. (herein, "MacKay"), counterclaims for damages for breach of contract. Trial was held commencing on December 21, 2005, and reconvened on March 2, 2006. The court finds as follows:

        MacKay was the general contactor on a contract with the Town of Mount Desert for the construction of an elementary school. MacKay and Jordan entered into a subcontract whereby Jordan would provide certain earth moving and site preparation work on the project.[2]

        Jordan performed the work expected under the contract – apparently without any complaint or disagreement from Defendants at the time – but payments pursuant to the contract were consistently delayed and untimely. The contractual relationship between the parties became increasingly complex as changes to the contract and modifications to schedules occurred.

        As Jordan complained about the late payments, MacKay's agents (including Steve Burton, Peter Bonette, and the office manager) admitted that the lateness was a result of problems and disorganization within the organization. In early 2003, Jordan forwarded a letter to MacKay complaining of the late payments and threatening to leave the site unless they were properly paid. Although the contract requires the general contractor to

---

[1] Plaintiff alleges claims for breach of contract (Count I), unjust enrichment (Count II), quantum meruit (Count III), violation of prompt payment act (Count IV), mechanic's lien (Count V), payment bond (Count VI).
[2] Jordan and MacKay were simultaneously engaged in another subcontract at another site.

be paid before the subcontractors can be paid, Jordan was able to monitor payments from the owner to the general contractor and concluded that the lateness was caused by MacKay, not the owner.

Patrick Jordan had a telephone conversation with MacKay (including Art, Greg, Peter, and Steve) and clearly stated that he needed to be paid before he returned. He was assured that this would take place.

The problems continued without significant improvement into the Summer of 2003. On July 18, 2003, Jordan complained of similar non-payment on the other project (the Early Childcare project).[3] Jordan continued working at the elementary school until July 18, 2003, when the Jordan crew and equipment were taken off the site.

Jordan advised MacKay that it was absolutely not going back upon the site until the existing invoices, plus additional charges, were paid in full. On July 22, 2003, Art called Patrick to advised that MacKay had met with the owner and they expected to be receiving a payment, after which they would be paying Jordan.

Shortly thereafter, macKay advised Jordan (for the first time) that Jordan had actually been overpaid for the work done. Patrick Jordan expressed surprise and disbelief at this turn of events.

As the parties were unable to resolve their dispute, Jordan never returned to the site and MacKay was forced to obtain services of another contractor – a difficult task in the middle of summer. Eventually, Doug Gott was able to provide equipment, but was unable to provide supervisory personnel or skilled workers. MacKay had to pull its own employees off other aspect of the job to try and complete the items remaining on the Jordan subcontract – items which were often outside the training and experience of the MacKay workers.

In the end, the expense which was incurred by MacKay in completing the Jordan items cost more that the Jordan subcontract would have involved. Also, the project was completed well after the contract deadline, resulting in significant liquidated damage expenses according to the contract.

Jordan seeks recovery of its charges. MacKay seeks recovery of the additional expenses required to complete the Jordan subcontract and a portion of the per diem liquidated damage charges.

Upon the evidence adduced at trial, the court is satisfied that MacKay peremptorily breached the contract with Jordan by its consistent late payment and, ultimately, a non-payment. This breach absolved Jordan of its obligation to complete the remaining items on the contract. Indeed, the court finds McKay's termination of the contract to be a breach thereof. The court cannot find, by a preponderance of the evidence, that Jordan breached any term of the contract by not fulfilling its obligations

---

[3] That project concluded in June, 2003, but approximately $73,000 had no been paid by mid-July.

in a workmanlike fashion. Further, the court finds the charges summarized in Plaintiff's Exhibit 62 to be fair and reasonable and consistent with the contract.

MacKay seeks to pass on a portion (on third) of the liquidated damages to Jordan for delays on the project. However, as MacKay's witnesses frankly admit, this figure is essentially a guess as no basis can be shown from an accounting basis to support the claim. Stated otherwise, the court cannot conclude from this evidence what, if any, portion of the delay in completion is properly attributable to Jordan.

Accordingly, judgment will be rendered as follows;

Judgment in favor of the Plaintiff against MacKay on Count I in the amount of $62,393.90,[4] Judgment for Defendants on Counts II and III, Judgment for Plaintiff on Count IV,[5] Judgment for Plaintiff against the Town of Mount Desert on Count V, and Judgment against USF&G on Count VI in the amount of $62,393.90 joint and several with MacKay on Count I above.

Judgment is rendered in favor of Jordan on MacKay's Counterclaim.

Jordan may recover its interest and costs.

So Ordered. The court will defer entry of Judgment until the proposed Judgment is submitted pursuant to footnote 5 of this Decision.

The Clerk may incorporate this Order upon the docket by reference.

Dated: August 28, 2006

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

FILED & ENTERED

AUG 30 2006

SUPERIOR COURT
HANCOCK COUNTY

---

[4] As the court concludes that the entire damage claim is subsumed within the principal contract claim, Counts II and III are rendered superfluous. Accordingly, the court does not reach them and renders judgment for the Defendants therein as the damage aspects are moot.

[5] Plaintiff shall submit an updated affidavit of attorney's fees, a computation of interest allowed (including that allowed pursuant to 10 MRSA §1118), and a proposed Judgment reflecting these amounts within 30 days. The court will conduct a final review of the amounts sought and render an appropriate judgment thereafter.